UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CINCINNATI INSURANCE COMPANY, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs*. | ) | 1:13-cv-00271-JMS-DKL |
| | ) | |
| WILLIAM GORDON GROUP, LLC, JOSEPH | ) | |
| LOUGHREY, and DEBORAH LOUGHREY, | ) | |
|     *Defendants*. | ) | |

## ORDER

On February 15, 2013, Plaintiff Cincinnati Insurance Company ("Cincinnati") filed a Complaint which included several jurisdictional pleading deficiencies. [Dkt. 1.] On February 19, 2013, the Court ordered Cincinnati to file an Amended Complaint addressing those deficiencies. [Dkt. 6.] While Cincinnati's Amended Complaint addressed some of those deficiencies, others remain.

Cincinnati alleges in the Amended Complaint that "Defendant, William Gordon Group, LLC ["WGG"]…is an Indiana Limited Liability Company. To the best knowledge of the Plaintiff, individuals who owned any interest in [WGG] are George P. Sweet, Thom Huston, William Brosius, Jane Sweet, and Brenda Huston, all of whom are believed to be citizens of Indiana. In addition to the foregoing individuals, Brenwick Development Company, Inc. may have owned an interest in [WGG]. Brenwick Development Company, Inc. is incorporated in the State of Indiana and has its principal place of business in Indiana." [Dkt. 7 at 1, ¶ 1.]

The Court must independently determine whether proper diversity among the parties exists. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012), and a federal court always

has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). Based on Cincinnati's Amended Complaint, the Court cannot determine whether it can exercise diversity jurisdiction over this case.

Specifically, Cincinnati is reminded that: (1) jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court, *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); (2) the citizenship of an unincorporated association is the citizenship of all of the members, *Hart v. Terminex Int'l*, 336 F.3d 541, 542 (7th Cir. 2003); (3) "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be," *Id.* at 543; and (4) asserting that all members are citizens of "X" or that no members are citizens of "X" is insufficient, *Peters v. Astrazeneca LP*, 224 Fed. Appx. 503, 505 (7th Cir. 2007).

The Court **STRIKES** the Amended Complaint, [dkt. 7], and **ORDERS** Cincinnati to file a Second Amended Complaint no later than **March 20, 2013**, that properly pleads the citizenship of each party and does not do so based upon information and belief. Defendants should not respond to the previously filed Amended Complaint, [dkt. 7], but instead should wait until a Second Amended Complaint is filed.

03/04/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

James H. Austen
STARR AUSTEN MYERS & MILLER, LLP
austen@starrausten.com